UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR HERNANDEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>OLMOS, Correctional Officer; ACOSTA, correctional officer; K. SAMPSON, Appeals Coordinator; DAUX, Law Librarian; and M. NIPPER, Appeals Coordinator,<br><br>    Defendants. | Case No. 1:11-cv-01701-RRB<br><br>**DISMISSAL ORDER** |

Nestor Hernandez, a state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1983, against correctional officers and officials of the California Department of Corrections and Rehabilitation. Hernandez's Complaint arises out of events that occurred while Hernandez was incarcerated at the California State Prison, Tehachapi. After the Complaint was filed in this matter, Hernandez was transferred to the North Kern State Prison.[1]

I.  **SCREENING REQUIREMENTS**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer

---

    [1]    Docket 12.

DISMISSAL ORDER - 1
*Hernandez v. Olmos, et al.*, 1:11-cv-01701-RRB

or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

---

[2] 28 U.S.C. § 1915A(a).

[3] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); see *Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4] 42 U.S.C. § 1997e(a); see *Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules).

[5] See *Booth v. Churner*, 532 U.S. 731, 734 (2001).

[6] Fed. R. Civ. P. 8(a)(2).

accusation."[7] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

Section 1983 suits do not support vicarious liability, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights.[9] This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[10]  "[A] complaint [that] pleads

---

[7]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[8]  *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[9]  *Iqbal*, 556 U.S. at 677; *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Citations omitted)).

[10]  *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[12] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13]

## II.  ALLEGATIONS

According to Hernandez, when he attempted to file CDC Form 602 grievances against Correctional Officers Olmos and Acosta they destroyed grievances, precluding processing, and allegedly threatened his life.  Hernandez further alleges that K. Sampson and M. Nipper erroneously rejected CDC 602's because they were written in pencil instead of pen. Daux, the Law Librarian, refused to provide Hernandez a pen so that he could complete his CDC 602 Forms. Hernandez seeks injunctive relief enjoining the alleged threats against his life and damages.

## III. DISCUSSION

Hernandez has pending in this district *Hernandez v. Olmos*, 1:10-cv-01495-LJO-DLB, a civil rights action under 42 U.S.C. § 1983

---

[11]   *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

[12]   *Id.*

[13]   *Id.* (quoting *Twombly*, 550 U.S. at 555).

in which he alleges that Correctional Officers Olmos, Acosta, and Clinerd violated his civil rights in that they (1) regularly denied him showers and (2) deprived him of his full meals.[14] That action arises out of the matters that were the subject of the CDC 602 grievances that he alleges were improperly destroyed or denied in this action.

Because Hernandez has been transferred from Tehachapi to North Kern County Prison, his injunctive relief claim has become moot. The fact that his CDC 602 grievances were not processed presents a somewhat different picture.

As noted above, exhaustion of administrative remedies is a mandatory prerequisite to bringing a civil rights action under § 1983.[15] Thus, unless Hernandez has properly exhausted his administrative remedies, his pending civil rights action, 1:11-cv-01495, is subject to dismissal. That is the "injury" that Hernandez would suffer as a result of the actions of Defendants in this case. That does not, however, necessarily support granting relief in this case. If, in fact, prison officials affirmatively interfered with and prevented Hernandez from exhausting his administrative

---

[14]   This Court takes judicial of that case.  Fed. R. Evid. 201.

[15]   42 U.S.C. § 1997e(a); see *Woodford*, 548 U.S. at 93–95.

remedies, exhaustion may be excused.[16] The appropriate remedy in this case is for Hernandez to raise the actions of the Defendants as a counter to any claim by the Defendants in 1:10-cv-01495 that Hernandez has failed to exhaust his administrative remedies, not an independent action. In the event Hernandez prevails in that case, he will have suffered no harm. On the other hand, if Hernandez fails to establish that Defendants interfered with his ability to exhaust his administrative remedies, he would also fail to establish that fact in this case. Consequently, because this Court cannot render any effective relief beyond that available in the pending action, 1:10-cv-01492, this action is necessarily duplicative and must be dismissed without prejudice to raising the issue in that action.

**IV. ORDER**

Based on the foregoing, it is hereby **ORDERED** as follows:

The Complaint is hereby **DISMISSED** in its entirety without prejudice, and the Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 24th day of April, 2013.
S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[16] *See Albino v. Baca*, 697 F.3d 1023, 1034–35 (9th Cir. 2012).